[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Crozier v. Pipe Creek Conservancy, L.L.C.*, Slip Opinion No. 2025-Ohio-1291.]

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1291

CROZIER ET AL., APPELLANTS, *v.* PIPE CREEK CONSERVANCY, L.L.C., ET AL, APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Crozier v. Pipe Creek Conservancy, L.L.C.*, Slip Opinion No. 2025-Ohio-1291.]

*Appeal dismissed as having been improvidently accepted.*

(No. 2024-0034—Submitted February 11, 2025—Decided April 16, 2025.)

APPEAL from the Court of Appeals for Belmont County,
No. 22 BE 0052, 2023-Ohio-4297.

_____

The below judgment entry of the court was joined by BRUNNER, DETERS, and HAWKINS, JJ. FISCHER, J., concurred, with an opinion joined by DEWINE and SHANAHAN, JJ. KENNEDY, C.J., dissented.

{¶ 1} This cause is dismissed as having been improvidently accepted.

_____

**FISCHER, J., joined by DEWINE and SHANAHAN, JJ., concurring.**

{¶ 2} I concur in the majority's judgment dismissing this appeal as having been improvidently accepted because the issue we accepted for review has been waived.

{¶ 3} In this case, we accepted one proposition of law for review: "'Root of title' is fixed as that title transaction most recent to be recorded as of a date forty years prior to the time when marketability is being determined." *See* 2024-Ohio-1087. Appellants, Darrell Crozier, Karen Pinney Shelton, and Robert Crozier ("the Crozier heirs"), argue in their merit brief that root of title is fixed and that, therefore, the proper roots of title in this case are the 1973 and 1974 deeds identified as the roots of title by the trial court, *see* Belmont C.P. No. 17-CV-319, 9-10 (Sep. 22, 2022). But the Crozier heirs waived this argument by not only failing to raise it below, but by actively arguing *against* the position that they now take.

{¶ 4} In their motion for summary judgment filed in the trial court, the Crozier heirs argued that the root of title is the 1949 deed, *not* the 1973 and 1974 deeds. And even when the trial court ruled in their favor and held that the 1973 and 1974 deeds are the roots of title—as the Crozier heirs now argue is correct—the Crozier heirs still took the position that the 1949 deed is the proper root of title. Appellees Pipe Creek Conservancy, L.L.C., and Melissa M. Karkowski, who were appellants in front of the Seventh District Court of Appeals, argued in their brief that the trial court got it wrong—the court was required to examine the next preceding deed to determine whether there were forty years of unbroken title, and therefore, the 1949 deed is the proper root of title. But instead of defending the trial court's decision in their brief before the Seventh District as the appellee, the Crozier heirs agreed with Pipe Creek and Karkowski that the trial court got the root of title wrong and that the 1949 deed is, in fact, the correct root of title.

{¶ 5} Accordingly, the Seventh District held, without much analysis, that the 1949 deed is the root of title, noting that the parties agreed on that issue. 2023-

Ohio-4297, ¶ 2 (7th Dist.). The Seventh District stated, "In this appeal, [the Crozier heirs] concede the trial court erred in failing to continue back in the deed history to the 1947 [sic] warranty deed conveying the subject property from Melissa J. Cook to Fred H. Reynolds." *Id.* at ¶ 37.

**{¶ 6}** Only when the Seventh District held that the 1949 deed was the proper root of title and that the 1949 deed contained a general reference that was insufficient to preserve the Crozier heirs' interest did the Crozier heirs argue that a "rolling analysis" is not appropriate and that the 1973 and 1974 deeds are the proper roots of title. In other words, what the Crozier heirs really take issue with is the Seventh District's holding about what constitutes a general versus specific reference in a deed—an issue that was not accepted for review by this court. The only issue that *was* accepted for review by this court was waived when the Crozier heirs conceded in both the trial court and the Seventh District that the 1949 deed is the proper root of title.

**{¶ 7}** Accordingly, I concur in the majority's decision to dismiss this appeal as having been improvidently accepted because the issue accepted for review has been waived.

_____

Finnucan & Associates, L.L.C., and John C. Finnucan; and Baker, Dublikar, Beck, Wiley & Mathews and James F. Mathews, for appellants, Darrell Crozier, Karen Pinney Shelton, and Robert Crozier.

Hanlon, McCormick, Schramm, Bickford & Schramm Co., L.P.A., Kyle W. Bickford, and Erik A. Schramm Jr., for appellees Pipe Creek Conservancy, L.L.C. and Melissa M. Karkowski.

_____

3